38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gary Wayne COLLINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6612.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 1
 Before: KEITH and DAUGHTREY, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Gary Wayne Collins appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, a jury found Collins guilty of the sale and possession with intent to sell cocaine in violation of 21 U.S.C. Sec. 841(a)(1), the possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1), and the possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). The district court sentenced Collins to 81 months of imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Collins, Case No. 92-5184 (6th Cir. Nov. 23, 1992) (unpublished per curiam), cert. denied, 113 S.Ct. 1620 (1993).
 
 
 4
 Collins subsequently filed a motion to vacate sentence, alleging that: (1) the district court lacked federal jurisdiction to try him for his crimes, (2) his speedy trial rights were violated, (3) he received multiple punishments for the same crimes, and (4) his sentence was imposed in violation of his double jeopardy rights. The district court determined that, since Collins had not raised these issues on direct appeal, he had waived any consideration of the issues in his motion to vacate, because he had not shown cause and prejudice to excuse his failure to raise the claims on direct appeal. Collins has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court correctly concluded that Collins has waived consideration of the issues raised in his Sec. 2255 motion because he could have raised these issues on direct appeal, but failed to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Furthermore, Collins has not shown cause and prejudice to excuse his failure to raise these claims previously.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation